

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| NATIONAL SURETY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE E. MACK III,<br><br>Defendant. | CV 15-35-BLG-SPW<br><br>OPINION and ORDER |

Plaintiff National Surety Corporation ("National Surety") initiated this declaratory judgment action against its insured, Plaintiff George E. Mack III. National Surety seeks a declaration that it does not owe Mack a duty to defend or indemnify in an ongoing underlying proceeding. Presently before the Court is Mack's motion to stay the proceedings in regards to whether National Surety owes a duty to indemnify. For the following reasons, the Court agrees with Mack and stays the proceedings on National Surety's duty to indemnify.

# I. Background

Mack owned an insurance policy issued by National Surety. On February 19, 2010, a bankruptcy trustee initiated an adversary proceeding before the United States Bankruptcy Court for the District of Montana, Case No. 08-61570-11, Adversary No. 10-00075 ("Underlying Proceeding"). Mack is one of several

1

defendants in the Underlying Proceeding. (Doc. 1-1.) Mack submitted a claim to National Surety for defense and indemnity in the Underlying Proceeding. After initially denying coverage, National Surety agreed to defend Mack under a reservation of rights. (Doc. 12-1.) National Surety subsequently brought the instant action and seeks a declaration that it does not owe Mack a duty to defend and indemnify in relation to the Underlying Proceeding. (Doc. 1 at 6-7.)

Mack moved to stay the proceedings on the determination of whether National Surety owes a duty to indemnify in the Underlying Proceeding on September 15, 2015. (Doc. 11.) The Court agreed to stay briefing on this motion pending resolution on the question of whether Oregon or Montana law applies in this case. (Doc. 19 at 1-2.) On December 15, 2015, the Court determined that Montana law applies. (Doc. 28.) The parties subsequently finished briefing on the pending motion to stay on January 29, 2016.

## II. Analysis

Mack argues that this Court should stay any proceedings on National Surety's duty to indemnify pending resolution of the Underlying Proceeding. Mack concedes that the question regarding the duty to defend may be ripe for consideration. But if the Court finds that National Surety owes a duty to defend, Mack contends that this Court is bound to apply the factual findings made in the Underlying Proceeding to determine whether National Surety also owes a duty to

2

indemnify. National Surety counters that there is no reason to issue a stay on the indemnification proceedings. National Surety points to a number of cases from the District of Montana where courts have simultaneously determined that an insurer did not owe duty to defend or indemnify.

The duty to defend requires the application of a different standard than that used to analyze the duty to indemnify. An insurance policy's "duty to defend is independent from and broader than the duty to indemnify." *Farmers Union Mut. Ins. Co. v. Staples*, 90 P.3d 381, 385 (Mont. 2004). The existence of a duty to defend is determined by comparing the facts alleged in the underlying complaint with the policy's terms. *Blair v. Mid-Continent Cas. Co.*, 167 P.3d 888, 891 (Mont. 2007). The duty to defend arises when a complaint against an insured alleges facts which, if proven, would result in coverage. *Staples*, 90 P.3d at 385. The court must "liberally construe allegations in a complaint so that all doubts about the meaning of the allegations are resolved in favor of finding that the obligation to defend was activated." *Id.* An insurer must also defend its insured if it knows facts not contained in the complaint which may give rise to coverage. *Revelation Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 206 P.3d 919, 928 (Mont. 2009). Conversely, if there is "an unequivocal demonstration that the claim against an insured does not fall within the insurance policy's coverage," the insurer does not owe a duty to defend. *Staples*, 90 F.3d at 385.

The duty to indemnify "does not arise unless the policy actually covers the alleged harm." *Skinner v. Allstate Ins. Co.*, 127 P.3d 359, 364 (Mont. 2005) (quoting *Constitution Assocs. v. New Hampshire Ins. Co.*, 930 P.2d 556, 562-63 (Colo.1996)). Courts must refrain from deciding questions of indemnity until liability is established in the underlying proceeding. *Id.* "When facts necessary to determine the existence of coverage are contested in an underlying action, the insurer cannot be said to have yet breached the duty to indemnify." *State Farm Mut. Auto. Ins. Co. v. Freyer*, 312 P.3d 403, 411 (Mont. 2013).

Because of the separate inquiries, "[w]here there is no duty to defend, it follows that there can be no duty to indemnify. However, where there is a duty to defend, there is not necessarily a duty to indemnify." *Skinner*, 127 P.3d at 364 (quoting *Constitution Assocs.* 930 P.2d at 562-63). Put differently, a finding that there is no duty to defend necessarily compels the finding that there is no duty to indemnify. If the Court finds that there is a duty to defend, the duty to indemnify must be determined after the underlying proceeding is concluded. *Id.* at 364-65.

Examples of each are borne out in District of Montana decisions that both parties claim support their arguments. In *Am. Econ. Ins. Co. v. Aspen Way Enterprises, Inc.*, 2015 WL 5680134 (D. Mont. Sept. 25, 2015), this Court analyzed whether insurers owed their insured a duty to defend in two underlying proceedings. After comparing the complaints with the insurance policies, this

4

Court determined that the plaintiffs in the underlying proceedings did not allege facts that, if proven, would trigger coverage. *Id.* at 13, 14. Accordingly, this Court concluded that there was no duty to defend. *Id.* Since there was no duty to defend, it necessarily followed that there was no duty to indemnify. *See Skinner*, 127 P.3d at 364. In contrast, Judge Christensen determined that an insurer owed its insured a duty to defend in *Penn Star Ins. Co. v. Real Estate Consulting Specialists, Inc.*, 1 F. Supp. 3d 1168 (D. Mont. 2014). Citing *Skinner*, Judge Christensen did not determine "whether [the insurer] will ultimately have a duty to indemnify [the insured] because ruling on that issue is not yet ripe." *Id.* at 1175. Like in *Skinner*, Judge Christensen could not determine indemnification, as liability had not yet been decided in the underlying proceeding. *Id.* at 1170.

Here, the Court finds it appropriate to stay the proceedings regarding National Surety's duty to indemnify pending the resolution of the Underlying Proceeding. Until the Underlying Proceeding reaches resolution, the parties cannot brief the issue of indemnification before this Court, nor can the parties conduct discovery on the matter. If the Court finds that National Surety owes Mack a duty to defend, this Court must wait until the Bankruptcy Court determines liability before deciding the indemnity issue. *Skinner*, 127 P.3d at 364-65. If Mack is not found liable in the Underlying Proceeding, then indemnification becomes moot.

The Court notes that this Order does not preclude National Surety from moving for summary judgment on the duty to defend. Similar to *Aspen Way*, if this Court finds that there is no duty to defend, it would necessarily follow that there is no duty to indemnify. However, because liability has not yet been established in the Underlying Proceeding, neither party may brief or seek discovery on the duty to indemnify.

## III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Mack's Motion to Stay Proceedings on Plaintiff's Duty to Indemnify (Doc. 11) is GRANTED.

DATED this 11th day of February, 2016.

SUSAN P. WATTERS
United States District Judge